140 So. 185

### HAGAN v. STATE.
### 7 Div. 839.

Court of Appeals of Alabama.
March 1, 1932.

A. L. Crumpton, of Ashland, for appellant.

Thos. E. Knight, Jr., Atty. Gen., and Jas. L. Screws, Asst. Atty. Gen., for the State.

RICE, J.

It is essential to an orderly administration of justice that juries should obey the instructions of the court. Salter v. Turner 24 Ala. App. 67, 130 So. 163.

In this case, the court gave to the jury, at the request of appellant, the two written charges, following, to wit: "10. The court charges the jury that as a matter of law you cannot convict the defendant on the uncorroborated testimony of the witness T. Darby." And, "XX. The court charges the jury that if you are reasonably satisfied from the evidence that T. Darby was an accomplice of the defendant in committing the offense charged you cannot convict the defendant."

Whether or not either, or both, of these charges *should* have been given, under the issues and evidence, is *not* what we are deciding, here. They *were* given. And, construed together, or (and) in connection with the other written charges which were given to the jury, or (and) in connection with the oral charge of the court, and in the light of the evidence in the case; they seem to us to say, clearly, "Gentlemen of the jury, T. Darby was an accomplice of defendant. Therefore, you cannot convict defendant."

When, in the face of this charge, the jury, nevertheless, brought in a verdict finding defendant guilty, it was the duty of the court to grant his motion to set aside the verdict of the jury, and the judgment of guilt rendered thereon, and award him a new trial.

For the error in overruling this said motion—which action is duly presented to us —the judgment is reversed, and the cause remanded. Salter v. Turner, supra.

Reversed and remanded.